**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROB HANDY; BRIAN T. MCCALL, | No. 13-35357 |
| Plaintiffs - Appellants, | D.C. No. 6:12-cv-01548-AA |
| v. | |
| LANE COUNTY; LIANE RICHARDSON; JAY BOZIEVICH; FAYE H. STEWART; SIDNEY LEIKEN, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted October 10, 2014
Portland, Oregon

Before: GOULD, CHRISTEN, and NGUYEN, Circuit Judges.

Rob Handy and Brian McCall appeal from the district court's dismissal of their complaint without leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court properly dismissed Handy's and McCall's claims under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), respectively. As to Handy's First Amendment retaliation claim, the complaint fails to allege facts that tend to show the nature of Handy's allegedly protected speech or sufficiently plead the "substantial causal relationship" element of his First Amendment retaliation claim. *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). As to Handy's Fourteenth Amendment due process claim, the complaint fails to allege facts sufficient to plead such a claim. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Likewise, the complaint does not contain factual allegations sufficient to plead municipal liability for constitutional violations under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

As to McCall's claims, McCall lacks Article III standing because the complaint does not allege he suffered an injury that affected him "in a personal and individual way" above and beyond Handy's constituents generally. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992).

While the district court did not specifically address whether amendment would be allowed, the district court entered judgment soon after dismissal, effectively precluding amendment. In general, leave to amend should be freely granted. Fed. R. Civ. P. 15(a)(2); *see also Desertrain v. City of L.A.*, 754 F.3d

2

1147, 1154 (9th Cir. 2014) ("[T]his policy is to be applied with extreme liberality.") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). "A simple denial of leave to amend without any explanation by the district court is subject to reversal," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), and a review of the record does not reveal that the complaint could not have been saved by amendment. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile . . . ."). Therefore, we vacate the district court's entry of judgment and remand to allow Appellants to file an amended complaint.

**AFFIRMED in part, VACATED in part, and REMANDED**.